**NICHOLSON et al. v. BINION, Sheriff, et al.**

No. 7498—Opinion Filed June 6, 1916.

(158 Pac. 384.)

**Exemptions — Property Subject — Household Furniture.**

Under section 3342 of the Rev. Laws of 1910, household and kitchen furniture owned by the wife who is supported by and resides with her husband cannot be claimed by her as exempt, for under the statute the exemption is to the head of the family, and sec 3350 of the Rev. Laws of 1910 designates the husband as the head of the family. Held, under the facts of this case, as disclosed by the record, the household furniture levied upon is not exempt from execution, and the judgment of the lower court refusing an injunction against its sale to satisfy a debt due by the wife was not error.

(Syllabus by Hooker, C.)

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by P. J. Nicholson and another against M. C. Binion, Sheriff of Oklahoma County, Oklahoma, and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

See, also, 49 Okla. 181, 152 Pac. 370.

Choate & Choate, for plaintiffs in error.

Bennett & Pope, for defendants in error.

Opinion by HOOKER, C. The plaintiffs in error filed their petition in the district court of Oklahoma county, seeking to enjoin M. C. Binion, as sheriff of Oklahoma county, from selling, under an execution then in his hands, certain household furniture which had theretofore been levied upon by the said M. C. Binion, as the property of Ethel Nicholson, in order to satisfy said execution. It appears that the household furniture was at that time being used for household purposes by the plaintiffs in error, who were then, and are now, husband and wife; but it further appears that this property belonged to Ethel Nicholson before her marriage, and the same was paid for by her and used by her for some

years prior to her marriage to her husband, P. J. Nicholson. And the sole question presented by this case is: Can the wife claim, as exempt against a debt created by her, household furniture owned by her, or is the same exempt to the family, or the head thereof, under the law of the state of Oklahoma?

By reference to sec. 3342 of the Rev. Laws of Oklahoma of 1910, we find the following statute:

"The following property shall be reserved to the head of every family residing in the state exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided: First. The homestead of the family, which shall consist of the home of the family, whether the title to the same shall be lodged in or owned by the husband or wife. Second. All the household and kitchen furniture. Third Any lot or lots in a cemetery held for the purpose of sepulture. Fourth. All implements of husbandry used upon the homestead. * * *"

As we interpret this statute, the same says, in substance, all the household and kitchen furniture shall be reserved to the head of every family residing in the state exempt from attachment or execution.

Section 3350 of the Rev. Laws of 1910 designates the husband as the head of the family, and provides that he may choose the place or mode of living, and the wife must conform thereto; and sec. 3351 of the Rev. Laws of 1910 imposes upon the husband the duty to support himself and his wife out of his property or by his labor, and only imposes that duty upon the wife when he has no separate property and is unable from infirmity to support himself; and sec. 3352 of the Rev. Laws of 1910 especially prohibits husband or wife from claiming any interest in the separate property of the other. It will be noted that prior to March 15, 1905, the exemption law of this state exempted to the head of the family all the household and kitchen furniture as well as the homestead, but that on that date the Legislature amended the law so that the exemption act was extended to the family and did not limit the right of exemption to the "head of the family"; but, when the Rev. Laws of 1910 were adopted, the reservation was again changed so that the exemption was limited to the head of the family, except as to the homestead, which might be claimed by the head of the family without regard to whether the title was in husband or wife.

Another significant thing, which we gather by an examination of this provision of the statute relating to exemptions, is that the Legislature only in one instance sought to allow the exemption to the head of the fam-.

ily without regard to title, and that instance was the homestead, and we are inclined to believe that where the Legislature has expressed it in one instance, this excludes the application in all others.

Exemptions are purely creatures of the statute, and independent of the statute they do not exist. Hence it follows that the same can be allowed only in conformity to the act of the Legislature which creates them. The wisdom of an exemption law is solely for the Legislature, and not for the courts, to determine; and, while the court should give a liberal construction to all exemption laws, they are powerless to extend the exemption to a class of persons or property which the Legislature did not include.

If exemptions are to be allowed, we can see many reasons that would appeal to the Legislature to extend to the plaintiffs in error the right to claim the property involved here as exempt, and we have searched in vain for authority which would justify us in construing our statute so as to authorize an injunction to issue in this case and save this property to the plaintiffs in error. However, it is our duty to construe our statutes as we find them, irrespective of our view as to what the exemption law should be, and leave the deficiency, if any there be in the law, to the Legislature to remedy. Entertaining the view that we do, this household furniture levied upon in this case being the individual property of Ethel Nicholson and she being the wife of P. J. Nicholson, living with him as her husband, and he being the head of the family, supporting her and himself, we must hold that this property is not exempt to her, and therefore the judgment of the lower court is affirmed.

By the Court: It is so ordered.